# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| KENNETH MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-05037-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING IN PART AND REMANDING IN PART THE COMMISSIONER'S DECISION

Plaintiff Kenneth Morris ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of morbid obesity, mild lumbar spondylosis, knee pain and a history of knee surgeries, depression, anxiety, a learning disorder, and a history of alcoholism, but retained the residual functional capacity ("RFC") to perform work as an electrical assembler, sewing machine operator, and merchandise marker.

After carefully reviewing the record and the parties' arguments, the Commissioner's decision is affirmed in part and remanded in part. The Commissioner's decision is REMANDED for further proceedings consistent with this Order.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application on November 2, 2013, alleging a disability onset date of October 1, 2008. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. Initially there was a favorable decision by an ALJ, but the Appeals Counsel vacated that decision and remanded to another ALJ. That ALJ held a hearing, and on December 16, 2016, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, leaving the ALJ's decision as the final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

In February 2016, Bryce Gray, Psy.D. ("Dr. Gray") conducted a consultative examination and wrote a narrative report of that examination. R. at 549-53. Dr. Gray opined that Plaintiff would "most likely" have difficulty understanding and remembering instructions. Additionally, Dr. Gray concluded that Plaintiff would have minimal problems interacting socially and adapting to his work environment.

Then in May 2016, Dr. Gray completed a Medical Source Statement-Mental ("MSS-M") concerning Plaintiff's mental limitations. R. at 556-59. Dr. Gray concluded that Plaintiff was moderately limited working with complex instructions and making complex decisions, but only mildly limited working with simple instructions and making simple decisions. Regarding Plaintiff's social functioning, Dr. Gray concluded he was moderately limited in interacting with supervisors and co-workers, and moderately limited in responding appropriately to usual work situations and changes in routine work setting. R. at 556.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The ALJ gave "partial weight" to Dr. Gray's narrative opinion because the diagnoses were consistent with the medical evidence in the record but seemed to reject the narrative's opinions as to Plaintiff's social functioning. The ALJ "adopted" Dr. Gray's MSS-M opinion that Plaintiff had mild issues with simple decision-making, and moderate difficulty with social functioning, because those finding were generally consistent with the record. R. at 24.

The ALJ noted that Dr. Grey's narrative opinion conflicted with the MSS-M in regards to Plaintiff's ability to understand simple work related decision-making and social functioning. The ALJ explained he adopted the MSS-M opinions as to these functions because he found them to be more consistent with the evidence in the record.

In formulating the RFC, the ALJ limited Plaintiff to "simple, routine, repetitive tasks, which require making only simple workplace judgments and which require no more than simple reading and math skills . . . [and] work in an environment that is isolated from the public and requires no more than occasional interaction with coworkers and supervisors." R. at 18. The RFC is silent as to limitations relating to responding to usual work situations and changes in a routine work setting.

Plaintiff argues the ALJ erred in evaluating Dr. Gray's opinions because he (1) afforded more weight to the MSS-M opinion over the narrative opinion; (2) did not resolve inconsistencies between the MSS-M and the narrative opinion; and (3) failed to include in the RFC the social limitations in the MSS-M opinion he adopted.

Plaintiff's first two arguments are without merit. First, while it is unusual that an ALJ gives more weight to the opinions within an MSS-M than to those of a detailed narrative, the regulations do not prohibit doing so. An ALJ may appropriately discount the opinion of a medical source—or any portion thereof—if it is inconsistent with other evidence in the record. *See McCoy*

4

*v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). In this case, the ALJ found that some of the limitations in the MSS-M were more consistent with the record evidence. The ALJ did not err by giving more weight to the opinions in the MSS-M which he found were more consistent with the record.

Second, an ALJ did not fail to resolve the conflicts between the narrative opinion and the MSS-M. The ALJ specifically addressed the portions of the two opinions that conflicted and adopted the MSS-M opinion because they was more consistent with the record. Thus, the ALJ did not err.

Turning to Plaintiff's third argument, the Court finds it is not clear why the ALJ rejected the portion of the MSS-M addressing responding appropriate to usual work situations and to changes in a routine work setting.

"The ALJ is not required to accept every opinion given by a consultative examiner, but must weigh all the evidence in the record." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016). However, where an ALJ assigns significant weight to an opinion, he must give an explanation if he then disregards portions of the opinion in formulating the RFC. *Gann v. Berryhill*, 864 F.3d 947, 952-953 (8th Cir. 2017) (remanding after finding ALJ erred when he adopted a medical opinion that claimant was moderately limited in her ability to respond appropriately to changes in the work setting, but formulating an RFC that stated only "the individual can work around coworkers throughout the day, but with only occasional interaction with coworkers.").

Here, the ALJ stated he "adopted" the MSS-M opinion that Plaintiff had moderate difficulty with social functioning, however, the ALJ did not incorporate limitations as to responding appropriately to usual work situations and to changes in a routine work setting.

Additionally, the ALJ failed to provide reasons for rejecting this portion of the MSS-M he adopted. The Court finds the ALJ erred because the social functioning limitations he adopted were not included in the RFC, nor their omission explained. *See Gann*, 864 F.3d at 952–53. Accordingly, remand is appropriate on this issue only.

On remand, the ALJ should reevaluate the weight assigned to the social functioning portion of Dr. Gray's MSS-M opinion. If the ALJ determines that Dr. Gray's workplace limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is remanded for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:   July 25, 2018                        /s/ Greg Kays
                                                                GREG KAYS, CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT